FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2011 MAY -6 PM 12: 45

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL.
JACKSONVILLE FLORIDA

NORMAN HOEWISCHER, Individually,          :

            Plaintiff,                    :

v.                                        :   Case No.

WOODY'S BAR-B-Q, INC., a Florida for profit   :   3:11-cv-451-J-34JBT
corporation,                              :

            Defendant.                    :
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, NORMAN HOEWISCHER, Individually, on his behalf and on behalf of all other

individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant,

WOODY'S BAR-B-Q, INC., a Florida for profit corporation, (sometimes referred to as

"Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to

the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability

Code ("FAC").

1.      Plaintiff is a Florida resident, lives in Duval County, is sui juris, and qualifies as an

        individual with disabilities as defined by the ADA.  Plaintiff is bound to ambulate in a

        wheelchair.

2.      Defendant's property, Woody's Bar-B-Q Restaurant 5930 Powers Ave., Jacksonville, FL

        32217, is located in the County of Duval.

3.      Venue is properly located in the MIDDLE DISTRICT OF FLORIDA  because venue lies in

        the judicial district of the property situs.  The Defendant's property is located in and does

        business within this judicial district.

4.   Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.   Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6.   Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA and FAC . Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if he wishes to do so free of discrimination.

7.   Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public

2

accommodation that the Defendant owns, operates, leases or leases to is known as Woody's Bar-B-Q Restaurant 5930 Powers Ave., Jacksonville, FL 32217.

8.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA and FAC with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Woody's Bar-B-Q Restaurant on Powers Ave. in Jacksonville not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.     The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Woody's Bar-B-Q Restaurant on Powers Ave. in Jacksonville has shown that violations exist. These violations include, but are not limited to:

## Parking

1.  There is not at least one accessible route complying with 4.3 provided within the

3

boundary of the site from public sidewalks, to an accessible building entrance preventing the plaintiff from using a safe accessible route to use the public sidewalk to go to adjoining facilities. This is in violation of ADAAG 4.1.2.1

2. The partially accessible parking space provided on the site does not have a 60 inch access aisle in violation of ADAAG 4.1.2.

3. At the entrance doors they have entrance hardware that is flat and requires pinching as defined to open the entrance door which is in violation of ADAAG 4.13

4. There are an insufficient number of accessible parking spaces provided on the site in violation of ADAAD 4.1.2.

## Entrance Access and Path of Travel interior

5. The doors provided on the site are not automatic and/or power assisted and does not have the proper maneuvering space relative direction per fig. 25 .Preventing the plaintiff from using these doors In violation of ADAAG 4.13.6

6. Where the requirement is that at least 5% of fixed tables and tables provided in the entire facility are required to be accessible, the seating in the facility does not have proper knee clearance of at least 19", at the table's provided so the plaintiff is not able to pull under the table In violation of ADAAG 5.1, 4.32

7. Parked vehicle overhangs reduce the clear width of an accessible route . In violation of ADAAG 4.6.3

## Access to Goods and Services Restroom

8. There are permanently designated interior and exterior spaces without proper signage in violation of Section 4.15 of the ADAAG.

9. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

10. The signs which designate permanent rooms and spaces have no Braille nor do they protrude 1/32" in violation of ADAAG 4.30.4, 4.30.5 and 4.30.6

11. The signage finish and contrast are in violation of 4.30.5

12. The signage is improperly mounted and does not allow a person within 3" of the door without encountering the swing of the door in violation of ADAAG 4.30.6.

4

13. The toilet room doors are not automatic or power assisted and  they do not have the maneuvering space relative direction per fig. 25  Making it very difficult for the plaintiff to approach, open and enter the door In Violation of 4.13.6.

14.  The door pressure to enter the facility exceeds 5# in violation of ADAAG 4.13 and 404.2.9.

15.  The doors to the toilet room when open 90 degrees, the clear  opening width is not 32" clear from the stile to the face of the door which is inhibited by the vanity in violation of 4.13.5

16.  There is no unobstructed turning space (A 60" diameter circle or T- shaped space), in the toilet/bath room. Which prevents the plaintiff from using the toilet room. (The clear floor space of fixtures and controls, the accessible route and the turning space may overlap in violation of ADAAG   4.23.3.

17.  The paper towel dispenser is located above the reach range in violation of ADAAG 4.27.3

18.  There is not  clear floor space at least 30" x 48" in front of the lavatory  allowing for a forward approach in violation of ADAAG  4.19.3, 4.2.4 > preventing the plaintiff from using the restrooms.

19.  The rear grab bar is not horizontal and mounted between 33 – 36" above finish floor in violation of ADAAG 4.16.4, Figure 29.

20.  The mirrors that are provided, does not have at least one mirror have a bottom edge of the reflecting surface no higher than 40"  from the floor 4.22.6, 4.23.6, 4.19.6.

21.  The toilet paper dispenser is located beyond the 36" requirement, from the rear wall in ADAAG Figure 29

22.  The centerline of the toilet is not 18" from a  wall or partition, in violation of 4.22.4. Preventing the plaintiff from properly sitting on the water closet.

23.  The flush controls automatic or operable with one hand without tight grasping, pinching, or twisting of the wrist, in violation of ADAAG  4.16.5., 4.27.4. See photo 112

24.  The lavatory in the restroom does not meet the requirements of  ADAAG 4.19

25.  The mirrors that are provided, have the bottom edge of the reflecting surface above 40 inches.  as per ADAAG 4.22.6, 4.19.6.

5

26. Toilet facilities are provided on a site, and the common use toilet facility do not comply with 4.22 , preventing the plaintiff from using them.

11.     The discriminatory violations described in paragraph 10 are not an exclusive list of the

Defendant's ADA and FAC violations.  Plaintiff requires the inspection of the

Defendant's place of public accommodation in order to photograph and measure all of the

discriminatory acts violating the ADA and FAC and all of the barriers to access.  The

Plaintiff, and all other individuals similarly situated, have been denied access to, and have

been denied the benefits of services, programs and activities of the Defendant's buildings

and its facilities, and have otherwise been discriminated against and damaged by the

Defendant because of the Defendant's ADA and FAC violations, as set forth above.  The

Plaintiff and all others similarly situated will continue to suffer such discrimination,

injury and damage without the immediate relief provided by the ADA and FAC as

requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires

an inspection of the Defendant's place of public accommodation in order to determine all

of the areas of non-compliance with the Americans with Disabilities Act and FAC .

12.     Defendant has discriminated against the Plaintiff by denying him access to full and equal

enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in violation

of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant

continues to discriminate against the Plaintiff, and all those similarly situated by failing to

make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges,

advantages or accommodations to individuals with disabilities; and by failing to take such

efforts that may be necessary to ensure that no individual with a disability is excluded,

denied services, segregated or otherwise treated differently than other individuals because

of the absence of auxiliary aids and services.

13.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Plaintiff

has retained the undersigned counsel and is entitled to recover attorney's fees, costs and

litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR

36.505.

14.     Defendant is required to remove the existing architectural barriers to the physically

disabled when such removal is readily achievable for its place of public accommodation

that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there

has been an alteration to Defendant's place of public accommodation since January 26,

1992, then the Defendant is required to ensure to the maximum extent feasible, that the

altered portions of the facility are readily accessible to and useable by individuals with

disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the

Defendant's facility is one which was designed and constructed for first occupancy

subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's

facility must be readily accessible to and useable by individuals with disabilities as

defined by the ADA and FAC.

15.     Notice to Defendant is not required as a result of the Defendant's failure to cure the

violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer

employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Woody's Bar-B-Q Restaurant on Powers Ave. in Jacksonville to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

8

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

        § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under

        Title III of the Americans with Disabilities Act.

Respectfully Submitted,

John J. Dingfelder .  
Of Counsel - Thomas B. Bacon, P.A.  
3006 San Carlos St.  
Tampa, FL 33629  
813-495-8838  
john@dingfelderlaw.com  
Florida Bar No. 829129

By: _____  
   John J. Dingfelder, Esq

Thomas B. Bacon, P.A.  
4868 S.W. 103rd Ave.  
Cooper City,  FL 33328  
954-478-7811  
fx 954-237-1990  
tbb@thomasbaconlaw.com  
Florida Bar. Id. No. 139262

By: _____  
   Thomas B. Bacon, Esq.